## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO.:

MARC CALAMARAS, individually and
on behalf of all others similarly situated

        Plaintiff,                  **CLASS REPRESENTATION**

vs.

                                **JURY TRIAL DEMANDED**

RE/MAX, LLC.

        Defendant.
_____/

### CLASS ACTION COMPLAINT

Plaintiff, MARC CALAMARAS (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against RE/MAX, LLC. (hereinafter "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter the "TCPA") and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

### INTRODUCTION

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and all other available legal or equitable remedies, resulting from Defendant's unlawful actions in negligently and/or willfully contacting Plaintiff on Plaintiff's personal cellular telephone, thereby invading Plaintiff's privacy.

2.    To promote and market its services, Defendant, directly or through persons on its behalf, routinely and systematically violates 47 C.F.R. 64.1200(c) and (d), and in turn, 47 U.S.C. § 227(c)(5), by delivering telemarketing solicitations, advertisement and marketing text messages to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC") and failing to honor opt-out instructions.

3.    Plaintiff and Class Members received unwanted spam telemarketing text messages from Defendant without regard to the TCPA, the Do-Not-Call Rules, and in disregard for individual privacy. Plaintiff and Class Members' phone numbers were registered with the National Do-Not-Call Registry. This lawsuit challenges all telemarketing text messages that were sent by Defendant, or on Defendant's behalf, to Plaintiff and Class Members from approximately July 2019, through the date of preliminary approval of class certification.

4.    The TCPA was designed to prevent telemarketing text messages like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiff. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [Federal

Communications] Commission."[1] Unwanted calls are the number one consumer complaint to the Commission.[2]

5.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

6.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this district, including Defendant's transmission of the unlawful marketing texts to Plaintiff and Class Members in this district on their residential telephone numbers.

8.     The Court has personal jurisdiction over Defendant because Defendant directs, markets, and provides its business activities to this district, and has availed itself to the jurisdiction of this district by transmitting the subject marketing text messages to Plaintiff and Class Members domiciled in this state. Plaintiff resides in

---

[1].     *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).
[2].     *Rep. to Cong. on Caller Id Authentication Implementation Progress*, 2020 WL 7863050, at *1 (OHMSV Dec. 29, 2020)

this District and he received the transmission of the telemarketing text messages from Defendant in this District.

## PARTIES

9.     At all times relevant herein Plaintiff was a "person" as defined by 47 U.S.C. § 153 (39) domiciled in Plant City, Hillsborough County, Florida. Plaintiff is a citizen of the state of Florida.

10.     Defendant is a limited liability company with its principal address located at 5075 S Syracuse Street, Denver, Colorado 80237, and at all times mentioned herein, a corporation and "persons," as defined by 47 U.S.C. § 153 (39). Defendant also maintains many offices, brokers, real estate agents, sales associates, and real estate sales persons in the State of Florida and in this District.

11.     Defendant is a company engaged in real estate services.

12.     Defendant, directly, individually, jointly, and/or in concert with another, or through other persons, entities, associates, brokers, or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, ratified, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited text messages that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

13.     Plaintiff has been on the National Do-Not-Call Registry since approximately June 2006, and at all times relevant to this action.

14.     The TCPA provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c).

15.     Defendant utilizes mass spam telemarketing text messaging to send unsolicited text messages, marketing and advertising Defendant's services, including at least ten (10) unsolicited text messages to Plaintiff's telephone number ending in 7400, since January 2022.

16.     The number is used by Plaintiff for residential purposes and is considered by him to be a residential number.

17.     Plaintiff's full telephone number will be provided to counsel for Defendant in discovery. It is not being provided in this Complaint, a public document, to prevent further unwanted and unauthorized calls to Plaintiff and further intrusion into his phone.

18.     Screen shots of some of the text messages are provided below for demonstrative purposes:













19.    The purpose of Defendant's text messages was to market, advertise, and promote Defendant's business.

20.    In an attempt to opt-out of any further telemarketing text communications with Defendant, Plaintiff texted Defendant the word "STOP." Defendant ignored Plaintiff's request and continued to text promotional telemarketing messages despite Plaintiff's clear revocation of any alleged prior consent.

21.    Defendant's failure to honor opt-out instructions by Plaintiff and the Class members is indicative of Defendant's failure to 1) maintain written policies and procedures regarding its text messaging marketing; (2) provide training to its personnel engaged in telemarketing; and (3) maintain a standalone do-not-call list.

22.    Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., advertising promotions for the purchase of Defendant's services.

23.    Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

24.    Plaintiff uses, and at all times relevant to this action used, his cellular telephone as his personal residential telephone number.

25.    In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

26.    Defendant's telemarketing text messages were not for emergency purposes as defined by or collection of a debt pursuant to 47 U.S.C. § 227(b)(1).

27.    Plaintiff did not provide Defendant prior express written consent to receive telemarketing text messages to his personal cellular telephone.

28.    Defendant was or should have been aware that it was unlawfully transmitting telemarketing text messages to Plaintiff and other consumers without prior express consent or prior express written consent to telephone numbers on the DNC Registry.

29.    Defendant is vicariously liable for any and all telemarketing text messages made by its agents.

30.    Florida Statute 475.01(1)(b) provides that a "Broker Associate . . . operates as a sales associate in the employ of another" – here, Defendant.

31.    Likewise, Florida Statute 475.01(1)(j) provides that a "Sales Associate" "act[s] under the direction, control, or management of another" – here, Defendant.

32.    In addition, Florida Statute 475.01(2) expressly defines "employ" "to describe the relationship between a broker and a sales associate, includ[ing] an independent contractor relationship when such relationship is intended by and established between a broker and a sales associate."

33.    Plaintiff objectively and subjectively believed that the telemarketing text messages were placed by, or on behalf of, Defendant, because the text say they are from "Max Lomas *with RE/MAX*."

34.    Defendant gave express or implied permission to its sales associates to use its name when marketing and soliciting prospective clients and properties.

35.    Defendant required its sales associates to market and solicit prospective clients and properties only in the name of RE/MAX, and it prohibited its sales associates from engaging in the sale of real estate on behalf of any other brokerage while also working for Defendant.

36.    The subject telemarketing text messages caused Plaintiff and Class Members harm. In addition to using their cellular data, storage, and battery life, they suffered an invasion of privacy, aggravation, annoyance, frustration, distraction, intrusion upon seclusion, and violations of their substantive statutory rights under the TCPA to remain free of unsolicited calls. *See Drazen v. GoDaddy.com, LLC,* No. 21-10199 (11th Cir. July 24, 2023 (en banc) ("A plaintiff who receives an unwanted, illegal text message suffers a concrete injury"); *See also Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact" . . . "[A] small injury [] is enough for standing purposes"); *See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls).

37.    Plaintiff and Class Members had to spend wasted time away from work, family, and personal activities, and suffered aggravation, because of Defendant's unsolicited telemarketing text messages.

38.     For example, apart from forcing Plaintiff to spend time investigating the source of the text messages and invest time researching and hiring counsel, Plaintiff received some of the unsolicited telemarketing text messages while he was sharing personal and intimate time with his spouse. This caused Plaintiff on multiple occasions to stop to check his phone and waste time reviewing the messages to confirm they were not for an emergency purpose, causing specific injury, trespass, intrusion and disruption onto Plaintiff's personal and daily life.

39.     Because Plaintiff and Class Members continued to received telemarketing texts from Defendant on their DNC registered numbers, and after they texted "STOP" revoking any conceivable consent, demonstrates the need for judicial intervention and injunctive relief to enjoin any continued and future harm.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this class action under Rules 23(a) and 23(b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and of a similarly situated "Class" or "Class Members" defined as:

> **DNC Class: All persons within the United States who (1) were sent at least two text message by or on behalf of Defendant (2) within a 12-month period from or on behalf of Defendant within the four years prior to the filing of this Complaint; (3) and such person had previously included their number on the National Do Not Call Registry at least 31 days prior to receiving the first text message from Defendant; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written**

consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

**Internal DNC Class**: All persons within the United States who, within the four years prior to the filing of this Complaint, received any telemarketing text message from or on behalf of Defendant, to said person's cellular telephone number *after* making a request to Defendant to not receive future telemarketing text messages.

41. Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

42. This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

43. **Numerosity**: At this time Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by

eliminating the possibility of inconsistent or varying adjudications of individual actions.

44.     Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's texting logs and marketing records.

45.     Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

46.     **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

    a.  Whether Defendant initiated telephonic sales text messages to Plaintiff and Class members;

    b.  Whether Defendant can meet its burden of showing that it had prior express written consent to send such texts;

    c.  How Defendant obtained the numbers of Plaintiff and Class members;

12

d. Whether Defendant maintains an internal do-not-call list;

e. Whether Defendant violated 47 C.F.R § 64.1200(c) and (d) and its regulations;

f. Whether Defendant violated the privacy rights of Plaintiff and members of the class;

g. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney's fees and costs for Defendant's acts and conduct;

a. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in unlawful conduct; and

b. Whether Plaintiff and the Class are entitled to any other relief.

47.     One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

48.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

49.     Plaintiff and members of the Class each received at least two text messages within a twelve month period, promoting the Defendant's real estate broker

services, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

50. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel, who are competent and experienced in litigation in TCPA litigation and class action litigation.

51. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management

14

difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

52.    **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

**CAUSES OF ACTION**
**COUNT I**
**VIOLATIONS OF 47 U.S.C. § 227(c) AND C.F.R. § 64.1200(c)**
**(On behalf of Plaintiff and the DNC Class)**

53.    Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 52 of this Complaint as if set forth verbatim herein.

54.    The TCPA provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not

wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c).

55.    47 C.F.R. § 64.1200(e), further provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

56.    Both calls and texts to numbers on the DNC registry violate the TCPA. *See* 47 C.F.R. § 1200(c)(2).

57.    Wireless phone subscribers have always been able to add their personal wireless phone numbers to the national Do-Not-Call list.[3]

58.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

59.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Do-Not-Call Registry Class members who registered their respective telephone numbers on the National

---

[3].    *See* Federal Communications Commission, Wireless Phones and the National Do-Not-Call List, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list#:~: text=Placing%20telemarketing%20calls%20to%20wireless,been%20%2D%20illegal%20in%20most %20cases. (Last visited June 18, 2023).

Do-Not-Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

60.    As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount in statutory damages for each willful violation recoverable by members of the Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

**COUNT II**
**VIOLATIONS OF 47 U.S.C. § 227(c) AND C.F.R. § 64.1200(d)**
**(On behalf of Plaintiff and the Internal DNC Class)**

61.    Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 52 of this Complaint as if set forth verbatim herein.

62.    47 C.F.R. § 64.1200(d), in relevant part, provides: "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards including:

*(1) Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity. . .

(6) *Maintenance of do-not-call lists*. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

63.    Pursuant to 47 C.F.R § 64.1200, the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

64.    Plaintiff and others Internal DNC Class members made requests to Defendant not to receive telemarketing text messages from Defendant.

65.    Defendant failed to honor Plaintiff's and the Internal DNC Class members opt-out requests.

66.    Plaintiff received at least eight (8) telemarketing text messages from Defendant after he communicated to Defendant that he did not wish to receive any telemarketing messages from Defendant, revoking any conceivable consent.

67.    Defendant violated the requirements of section 64.1200(d) by failing to (1) maintain the required written policies; (2) provide training to its personnel engaged in telemarketing; and (3) maintain a standalone do-not-call list.

68.    Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Internal DNC Class members are entitled to an award of $500.00 in statutory damages, for each text message sent by Defendant. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Internal DNC Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

## COUNT III
## INJUNCTIVE RELIEF
### (On behalf of Plaintiff, and the DNC Class and Internal DNC Class)

69.    Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 52 of this Complaint as if set forth verbatim herein.

70.    Pursuant to section 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting Defendant's unlawful conduct in the future to protect Plaintiff and the Class members from Defendants' unsolicited calls and practices.

71.    Defendant's ongoing and continuing violations have caused, and in the absence of an injunction will continue to cause, harm to Plaintiff and the Class members.

72.    Plaintiff and the Class members will suffer irreparable harm if Defendant is permitted to continue its practice of violating 47 C.F.R. § 64.1200(d).

73.    The injuries that the Plaintiff and the Class members will suffer if Defendant is not prohibited from continuing to engage in the unlawful practices described herein far outweigh the harm that Defendant will suffer if it is enjoined from continuing this conduct.

74.    The public interest will be served by an injunction prohibiting Defendant from continuing to engage in the unlawful practices described herein.

75.    Accordingly, Plaintiff and the Class members seek an injunction requiring Defendant to (1) implement policies and procedures as required under the TCPA and its implementing regulations; (2) honor consumer DNC requests and opt-out requests; (3) to implement a standalone internal do-not-call list; and (4) train its personnel on use of the list and abide by the list.

76.    Plaintiff is also entitled to reasonable attorney fees and costs incurred in prosecuting this action.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the Class, against Defendant for:

a.  An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

b.  Statutory damages of $500 per text, per violation, of the TCPA;

c.  Willful damages at $1,500 per text, per violation, of the TCPA;

d.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(l)(A)(iii);

e.  An injunction prohibiting Defendant from calling telephone numbers assigned to the National Do-Not-Call registry without the prior express written consent of the called party;

f.  An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to

their personnel engaged in telemarketing; and (3) maintaining a do-not-call

list;

g.  Reasonable attorney's fees and costs; and

Such further and other relief as this Court deems reasonable and just.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to, and demands, a trial by jury.


Dated: August 3, 2023                    Respectfully submitted,

                                         /s/ Alexander Korolinsky_____
                                         Alexander J. Korolinsky, Esq.
                                         Florida Bar No.: 119327
                                         AJK LEGAL
                                         1580 Sawgrass Corp Pkwy, Suite 130
                                         Sunrise, Florida 33323
                                         Tel: (877) 448-8404
                                         korolinsky@ajklegal.com

                                         Joshua H. Eggnatz
                                         Florida Bar No.: 0067926
                                         EGGNATZ | PASCUCCI
                                         7450 Griffin Road, Suite 230
                                         Davie, Florida 33314
                                         Tel: (954) 889-3359
                                         jeggnatz@justiceearned.com


                                         *Attorneys for Plaintiff and Putative Class*